1  MICHAEL C. SERVERIAN (SBN 133203)
   **RANKIN, LANDSNESS, LAHDE,**
2    **SERVERIAN & STOCK**
   96 No. Third Street, Suite 500
3  San Jose, California 95112
   Telephone : (408) 293-0463
4  Facsimile : (408) 293-9514

5  Attorneys for Defendants
   COUNTY OF SAN BENITO also sued herein as
6  COUNTY OF SAN BENITO SHERIFF'S
   DEPARTMENT and SHERIFF CURTIS J. HILL
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     (SAN JOSE DIVISION)

11

| | |
|---|---|
| IVONNE GUERRERO, individually and as Guardian ad Litem for: JESUS I. GUERRERO, a Minor Child; LUIS GUERRERO, a Minor Child; ICELLA M. GUERRERO, a Minor Child;<br><br>      Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BENITO; COUNTY OF SAN BENITO SHERIFF'S DEPARTMENT; MICHAEL RODRIGUES; CURTIS J. HILL<br><br>      Defendants. | Case No. C08 00307PVT<br><br>**ANSWER OF DEFENDANTS COUNTY OF SAN BENITO, ALSO SUED HEREIN AS COUNTY OF SAN BENITO SHERIFF'S DEPARTMENT, AND SHERIFF CURTIS J. HILL TO PLAINTIFFS' COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION FOR VIOLATION OF CIVIL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

      Defendants SAN BENITO COUNTY, also sued as COUNTY OF SAN BENITO SHERIFF'S DEPARTMENT, and SHERIFF CURTIS J. HILL (hereinafter "Defendants") answer Plaintiffs' Complaint for Damages for Wrongful Death and Survival Action for Violation of Civil Rights as follows:

      1.    In answer to Paragraph 1 of Plaintiffs' Complaint herein, these answering Defendants admit that while in the course and scope of his duties as a Deputy with the County of San Benito, Deputy Michael Rodrigues was in an altercation with Israel

Guerrero on June 10, 2007, and that thereafter, Israel Guerrero passed away; but these answering defendants deny the remainder of the allegations in this paragraph and specifically deny that Deputy Rodrigues' actions caused the injuries and/or death of Israel Guerrero and caused the Plaintiffs to suffer damages, and these answering defendants further deny that his actions were unprovoked, or malicious, or that Deputy Rodrigues used excessive force.

2. In answer to Paragraph 2 of Plaintiffs' Complaint herein, these answering Defendants acknowledge the jurisdiction of the United States District Court.

3. In answer to Paragraph 3 of Plaintiffs' Complaint herein, these answering Defendants acknowledge the jurisdiction of the United States District Court.

4. In answer to Paragraph 4 of Plaintiffs' Complaint herein, these answering Defendants acknowledge the jurisdiction of the United States District Court.

5. In answer to Paragraph 5 of Plaintiffs' Complaint herein, there are no charging allegations with respect to Paragraph 5.

6. In answer to Paragraph 6 of Plaintiffs' Complaint herein, these answering Defendants admit to the allegations therein.

7. In answer to Paragraph 7 of Plaintiffs' Complaint herein, these answering Defendants lack information and on that basis, deny the allegations.

8. In answer to Paragraph 8 of Plaintiffs' Complaint herein, these answering Defendants lack information and on that basis, deny the allegations.  Defendants admit that JESUS I. GUERRERO, a minor child, is represented in this case by his guardian ad litem and mother, Ivonne Guerrero.

9. In answer to Paragraph 9 of Plaintiffs' Complaint herein, these answering Defendants lack information and on that basis, deny the allegations.  Defendants admit that LUIS GUERRERO, a minor child, is represented in this case by his guardian ad litem and mother, Ivonne Guerrero.

10. In answer to Paragraph 10 of Plaintiffs' Complaint herein, these answering Defendants lack information and on that basis, deny the allegations.  Defendants admit

that ICELLA M. GUERRERO, a minor child, is represented in this case by his guardian ad litem and mother, Ivonne Guerrero.

11.    In answer to Paragraph 11 of Plaintiffs' Complaint herein, these answering Defendants lack information and on that basis, deny the allegations therein.

12.    In answer to Paragraph 12 of Plaintiffs' Complaint herein, these answering Defendants admit to the allegations therein.

13.    In answer to Paragraph 13 of Plaintiffs' Complaint herein, these answering Defendants admit to the allegations therein.

14.    In answer to Paragraph 14 of Plaintiffs' Complaint herein, these answering Defendants admit to the allegations therein.

15.    In answer to Paragraph 15 of Plaintiffs' Complaint herein, these answering Defendants admit that Defendant MICHAEL RODRIGUES is a San Benito County Sheriff's Deputy who was working under color of law at the time of the incident but deny that Defendant MICHAEL RODRIGUES caused the injuries and/or death of ISRAEL GUERRERO and caused the plaintiffs to suffer damages.

16.    In answer to Paragraph 16 of Plaintiffs' Complaint herein, these answering Defendants admit that Defendant MICHAEL RODRIGUES was acting pursuant to Defendant COUNTY's customs and policies but deny that those policies resulted in the wrongful death of ISRAEL GUERRERO.  Defendants further deny that defendant RODRIGUES used unreasonable force and deny that Decedent's constitutional rights and personal rights were violated.  Defendants admit that Defendant MICHAEL RODRIGUES was in uniform, on duty as a sheriff's deputy, and acting within the scope of his employment.

17.    In answer to Paragraph 17 of Plaintiffs' Complaint herein, these answering Defendants admit to the allegations therein.

18.    In answer to Paragraph 18 of Plaintiffs' Complaint herein, these answering Defendants admit to the allegations therein.

19.    In answer to Paragraph 19 of Plaintiffs' Complaint herein, there are no specific

charging allegations with respect to Paragraph 5.

20. In answer to Paragraph 20 of Plaintiffs' Complaint herein, these answering Defendants deny that Defendant MICHAEL RODRIGUES confronted Decedent but admit that Defendant MICHAEL RODRIGUES had his minor daughter in his patrol car.

21. In answer to Paragraph 21 of Plaintiffs' Complaint herein, these answering Defendants deny that Defendant MICHAEL RODRIGUES confronted and assaulted Mr. Guerrero. In further answer, Defendants admit that during the course of the stop that Deputy Rodrigues and other law enforcement authorities used force including a taser and a firearm but deny that any of the force used was unnecessary and unwarranted in the performance of their duties, and finally, deny that unreasonable, unwarranted and excessive force was used.

22. In answer to Paragraph 22 of Plaintiffs' Complaint herein, these answering Defendants deny that Deputy Defendant MICHAEL RODRIGUES assaulted, battered, and abused Decedent. Defendants further deny that the use of force employed was done in the absence of just cause or provocation. Defendants deny that Decedent's constitutional rights were violated.

23. In answer to Paragraph 23 of Plaintiffs' Complaint herein, these answering Defendants admit that defendant MICHAEL RODRIGUES shot the Decedent, that Decedent was taken to Hazel Hawkins Hospital and that he died at the hospital. Defendants otherwise deny the allegations in Paragraph 23.

24. In answer to Paragraph 24 of Plaintiffs' Complaint herein, these answering Defendants admit that Israel Guerrero died on June 10,2007, but deny the remaining allegations therein.

25. In answer to Paragraph 25 of Plaintiffs' Complaint herein, these answering Defendants deny the allegations therein.

26. In answer to Paragraph 26 of Plaintiffs' Complaint herein, these answering Defendants deny the allegations therein.

27. In answer to Paragraph 27 of Plaintiffs' Complaint herein, these answering

Defendants deny the allegations therein.

28. In answer to Paragraph 28 of Plaintiffs' Complaint herein, these answering Defendants deny the allegations therein.

29. In answer to Paragraph 29 of Plaintiffs' Complaint herein, these answering Defendants deny the allegations therein.

30. In answer to Paragraph 30 of Plaintiffs' Complaint herein, these answering Defendants incorporate by reference all responses to the allegations of the Complaint as if set forth fully herein.

31. In answer to Paragraph 31 of Plaintiffs' Complaint herein, these answering Defendants admit to the allegations therein.

32. In answer to Paragraph 32 of Plaintiffs' Complaint herein, these answering Defendants deny the allegations therein.

33. In answer to Paragraph 33 of Plaintiffs' Complaint herein, these answering Defendants deny the allegations therein.

34. In answer to Paragraph 34 of Plaintiffs' Complaint herein, these answering Defendants deny the allegations therein.

35. Plaintiffs' Complaint omits Paragraphs 35 through 42.

36. In answer to Paragraph 43 of Plaintiffs' Complaint herein, these answering Defendants  incorporate by reference all responses to the allegations of the Complaint as if set forth fully herein.

37. In answer to Paragraph 44 of Plaintiffs' Complaint herein, these answering Defendants deny the allegations therein.

38. In answer to Paragraph 45 of Plaintiffs' Complaint herein, these answering Defendants  incorporate by reference all responses to the allegations of the Complaint as if set forth fully herein.

39. In answer to Paragraph 46 of Plaintiffs' Complaint herein, these answering Defendants deny the allegations therein.

40. In answer to Paragraph 47 of Plaintiffs' Complaint herein, these answering

1  Defendants deny the allegations therein.

2  41.     In answer to Paragraph 48 of Plaintiffs' Complaint herein, these answering
3  Defendants incorporate by reference all responses to the allegations of the Complaint as
4  if set forth fully herein.

5  42.     In answer to Paragraph 49 of Plaintiffs' Complaint herein, these answering
6  Defendants deny the allegations therein.

7  43.     In answer to Paragraph 50 of Plaintiffs' Complaint herein, these answering
8  Defendants deny the allegations therein.

9  44.     In answer to Paragraph 51 of Plaintiffs' Complaint herein, these answering
10  Defendants incorporate by reference all responses to the allegations of the Complaint as
11  if set forth fully herein.

12  45.     In answer to Paragraph 52 of Plaintiffs' Complaint herein, these answering
13  Defendants deny the allegations therein.

14  46.     In answer to Paragraph 53 of Plaintiffs' Complaint herein, these answering
15  Defendants deny the allegations therein.

16  47.     In answer to Paragraph 54 of Plaintiffs' Complaint herein, these answering
17  Defendants deny the allegations therein.

18  48.     In answer to Paragraph 55 of Plaintiffs' Complaint herein, these answering
19  Defendants deny the allegations therein.

20  49.     In answer to Paragraph 56 of Plaintiffs' Complaint herein, these answering
21  Defendants incorporate by reference all responses to the allegations of the Complaint as
22  if set forth fully herein.

23  50.     In answer to Paragraph 57 of Plaintiffs' Complaint herein, these answering
24  Defendants deny the allegations therein.

25  51.     In answer to Paragraph 58 of Plaintiffs' Complaint herein, these answering
26  Defendants deny the allegations therein.

27  52.     In answer to Paragraph 59 of Plaintiffs' Complaint herein, these answering
28  Defendants lack information in which to admit or deny the allegations of this Paragraph,

6
Answer of Defendants County of San Benito, Also Sued Herein as County of San Benito Sheriff's Department, and Sheriff Curtis J. Hill to Plaintiffs' Complaint for Damages for Wrongful Death and Survival Action for Violation of Civil Rights

1  and therefore, deny.

2  53.   In answer to Paragraph 60 of Plaintiffs' Complaint herein, these answering
3  Defendants incorporate by reference all responses to the allegations of the Complaint as
4  if set forth fully herein.

5  54.   In answer to Paragraph 61 of Plaintiffs' Complaint herein, these answering
6  Defendants lack information in which to admit or deny the allegations of this Paragraph,
7  and therefore, deny.

8  55.   In answer to Paragraph 62 of Plaintiffs' Complaint herein, these answering
9  Defendants deny the allegations therein.

10  56.   In answer to Paragraph 63 of Plaintiffs' Complaint herein, these answering
11  Defendants deny the allegations therein.

12  57.   In answer to Paragraph 64 of Plaintiffs' Complaint herein, these answering
13  Defendants deny the allegations therein.

14  58.   In answer to Paragraph 65 of Plaintiffs' Complaint herein, these answering
15  Defendants deny the allegations therein.

16  59.   In answer to Paragraph 66 of Plaintiffs' Complaint herein, these answering
17  Defendants deny the allegations therein.

18  60.   In answer to Paragraph 67 of Plaintiffs' Complaint herein, these answering
19  Defendants incorporate by reference all responses to the allegations of the Complaint as
20  if set forth fully herein.

21  61.   In answer to Paragraph 68 of Plaintiffs' Complaint herein, these answering
22  Defendants admit to the allegations therein.

23  62.   In answer to Paragraph 69 of Plaintiffs' Complaint herein, these answering
24  Defendants deny the allegations therein.

25  63.   In answer to Paragraph 70 of Plaintiffs' Complaint herein, these answering
26  Defendants admit to the allegations therein.

27  64.   In answer to Paragraph 71 of Plaintiffs' Complaint herein, these answering
28  Defendants deny the allegations therein.

65. In answer to Paragraph 72 of Plaintiffs' Complaint herein, these answering Defendants deny the allegations therein.

**AFFIRMATIVE DEFENSES**

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, the Complaint fails to state a claim upon which relief can be granted.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, Decedent was careless and negligent in and/or about the matters referred to in said Complaint, and further that the Decedent failed to exercise ordinary or any care for Decedent's own safety and such carelessness and negligence on the part of Decedent proximately caused and contributed to the damage, detriment or injury sustained by Decedent, if any, and that Plaintiffs' recovery should therefore either be barred or reduced to the extent of Decedent's negligence.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, any harm suffered was a result of a negligent or otherwise wrongful conduct of persons other than Defendants and that the conduct of the person other than Defendants was the sole and proximate cause of the injuries and damages alleged by Plaintiffs.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, all actions taken by Defendants, including actions of DOE Defendants, were undertaken in good faith and with a reasonable belief that the actions were valid, necessary, constitutionally proper and objectively reasonable for a police officer in the same circumstances, entitling Defendants to qualified immunity from Plaintiffs' claimed injuries and damages.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, Plaintiffs have failed to mitigate their damages, if any.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, the reports of which Plaintiffs complains were made honestly, in good faith and not maliciously in that Defendants reported what their observations were and what occurred.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs' Complaint is barred by the Doctrine of Unclean Hands.

1  AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendants are entitled to
2  immunity under the Eleventh Amendment.
3  AS AND FOR A NINTH AFFIRMATIVE DEFENSE, Defendants contend that it is
4  immune from liability pursuant to the Federal Civil Rights Act because it was acting in
5  good faith and entertained a reasonable belief that its actions were necessary.
6  AS AND FOR A TENTH AFFIRMATIVE DEFENSE, Defendants contend that it is
7  immune pursuant to the principals of qualified immunity.
8  AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, Defendants allege that it
9  has not deprived any person, including Decedent, of any right, privilege, or immunity
10 guaranteed by the Constitution or laws of the United States or the State of California, and,
11 therefore, Defendants are not liable.
12 AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, Defendants allege that the
13 acts or omissions set forth in the First Amended Complaint, even if proven true, constitute
14 mere negligence and were not intentional, willful or grossly negligent, and as a
15 consequence, fails to state a claim for relief.
16 AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, Defendants' employees
17 were objectively reasonable in light of the facts and circumstances confronting them, and
18 their conduct did not violate clearly established statutory or Constitutional rights of which a
19 reasonable person would have known.
20 AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, Plaintiffs' special
21 damages, if any, should be reduced to the actual amount paid to Decedent's health care
22 providers for services reasonably related to Decedent's injuries, or are anticipated to be
23 paid in the future.
24 WHEREFORE, Defendants prays as follows:
25 1. Dismissal of Plaintiffs' Complaint with prejudice;
26 2. Plaintiffs take nothing by reason of their Complaint;
27 3. Defendants be awarded reasonable attorney's fees;
28 4. Defendants be awarded costs of suit; and,

5. For such other and further relief as the Court deems appropriate.

Dated: February 29, 2008

RANKIN, LANDSNESS, LAHDE,
SERVERIAN & STOCK


By: /s/Michael C. Serverian
MICHAEL C. SERVERIAN
Attorney for Defendants
COUNTY OF SAN BENITO also sued
herein as COUNTY OF SAN BENITO
SHERIFF'S DEPT and SHERIFF
CURTIS J. HILL

### **REQUEST FOR JURY TRIAL**

Defendants COUNTY OF SAN BENITO, also sued herein as COUNTY OF SAN BENITO SHERIFF'S DEPARTMENT, and SHERIFF CURTIS J. HILL hereby request a jury trial in this action.

Dated: February 29, 2008

RANKIN, LANDSNESS, LAHDE,
SERVERIAN & STOCK


By: /s/Michael C. Serverian
MICHAEL C. SERVERIAN
Attorneys for Defendants