UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IVONNE GUERRERO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SAN BENITO, et al.,<br><br>　　　　　Defendants. | Case No.: C 08-0307 PVT<br><br>**ORDER DENYING DEFENDANT RODRIGUES' MOTION FOR PROTECTIVE ORDER** |

　　　　On January 6, 2009, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant Michael Rodrigues' ("Defendant") Motion for Protective Order and to Disqualify Kayla Rodrigues as a Witness for Deposition or Trial.[1]  Based on the briefs and arguments presented,

　　　　IT IS HEREBY ORDERED that Defendant's motion is DENIED without prejudice to a renewed motion with regard to trial testimony if such a motion appears to be warranted based on the deposition testimony.  "A strong showing is required before a party will be denied entirely the right to take a deposition."  *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Defendant has not cited any case were a court precluded a deposition based on the deponent's

---

[1] 　The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

1  alleged incompetency.² On the contrary, in one of the cases cited by Defendant, the court
2  disqualified two children (aged six and seven) from testifying at trial specifically based on
3  inconsistencies in the answers they gave during their depositions. *See Knotts v. Black & Decker,*
4  *Inc.*, 204 F.Supp.2d 1029. Thus, it appears the proper course is to allow the deposition to go
5  forward, and address any issues of competency after the court has an opportunity to review the
6  answers given during the deposition.

7  IT IS FURTHER ORDERED that Donna Jo Dagenais may attend the deposition.³ However,
8  she must not participate in the deposition in any way. She must also sit outside of Kayla's field of
9  vision. If it appears that Kayla is distracted by Ms. Dagenais' presence, or by the presence of any
10 other individual (other than counsel of record for either party), either counsel may ask such person to
11 leave the deposition room, and, absent further order of the court, the deposition shall not continue
12 until such person has left the room.

13 IT IS FURTHER ORDERED that the parties shall meet and confer regarding whether there
14 are any limits on the deposition that they can stipulate to in advance of the deposition. Defendant
15 asked for permission to submit a letter to the court after the meet and confer. The court is not
16 inclined to set any special procedures in advance. Defendant is free to bring any further motion that
17 may be appropriate, along with either a stipulation or motion to shorten time if warranted.

18 IT IS FURTHER ORDERED that, if any disputes arise during the deposition, the parties

---

² *In re Terra Intern., Inc.*, 134 F.3d 302, (5th Cir. 1998) involved exclusion of fact witnesses from the depositions of other fact witnesses, not disqualification of a deponent.

³ It is not clear how Ms. Dagenais' attendance will be of any assistance to Defendant. As noted in one of the cases cited by Defendant, a "witness's competency to testify is determined exclusively by the judge." *See, People v. Montoya*, 149 Cal. App. 4th 1139, 1150 (2007). As also noted in that case:

> The capacity to perceive and recollect is a condition for the admissibility of a witness's testimony on a certain matter, rather than a prerequisite for the witness's competency. " '[I]f there is evidence that the witness has those capacities, the determination whether [she] in fact perceived and does recollect is left to the trier of fact.' " *Ibid*. (Citations omitted.)

Defendant has already submitted Ms. Dagenais' declaration and evaluation of subjects within her field of expertise. Any comments she may have on specific testimony by Kayla during the deposition would go beyond the proper role of an expert witness. *See, e.g., Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998) (finding assessment of credibility by an expert would be improper because a party may not use psychiatric expert testimony to impugn another party's credibility).

shall contact chambers (408-535-5438) to arrange for a mid-deposition telephone hearing.

IT IS FURTHER ORDERED that Plaintiffs' request for fees is DENIED without prejudice to a motion brought separately, as required by Civil Local Rule 7-8(a).

Dated: *1/6/09*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge