UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IVONNE GUERRERO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN BENITO, et al., <br><br> Defendants. | Case No.: C 08-0307 PVT <br><br> **ORDER CONTINUING HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; SETTING SCHEDULE FOR SUPPLEMENTAL BRIEFING; VACATING TRIAL DATES; AND SCHEDULING TRIAL SETTING CONFERENCE** |

On December 30, 2008, Defendants filed a motion for summary judgment. On January 26, 2009, after the briefing on the motion was complete, Plaintiffs filed a "Notice of Filing Deposition Transcript of Kayla Rodrigues in Opposition to Defendants' Motion for Summary Judgment." On January 27, 2009, Defendants filed an "Opposition to Plaintiffs' Notice of Filing Deposition Transcript of Kayla Rodrigues in Opposition to Defendants' Motion for Summary Judgment." On January 29, 2009, Defendants filed a Statement of Recent Decision in Support of Defendants' Motion for Summary Judgment. Based on the foregoing and the file herein,

IT IS HEREBY ORDERED that the hearing on Defendants' motion for summary judgment is CONTINUED to 10:00 a.m. on March 3, 2009.[1] In light of the additional information and case

---

[1] If any counsel have a scheduling conflict for this hearing date and time, he or she shall promptly notify the court and opposing counsel and a different date and/or time will be set.

ORDER, *page 1*

authority each side seeks to submit, the court finds the interests of justice are best served by continuing the hearing to allow proper briefing and consideration of those matters. While Defendants are correct in noting that Plaintiffs failed to obtain leave of court to submit the additional deposition transcript, had Plaintiffs sought such leave it would have been granted.[2] Thus, the court finds that excluding the transcript would not be consistent with the long standing public policy favoring resolution of disputes on the merits rather than technicalities.[3] *See, e.g., Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities").

IT IS FURTHER ORDERED that, no later than February 10, 2009, Plaintiffs shall file a declaration authenticating the Deposition Transcript of Kayla Rodrigues Plaintiffs filed on January 26, 2009, along with a short supplemental brief explaining how portions of the transcript supports Plaintiffs' opposition to Defendants' motion for summary judgment. Plaintiffs shall also address the import, if any, of the recent case *Pearson v. Callahan*, 555 U.S. ____ (2009) (Slip Op. 07-751, January 21, 2009), which Defendants notified the court of on January 29, 2009 (*see* Docket no. 86).

IT IS FURTHER ORDERED that, no later than February 24, 2009, Defendants may file a supplemental reply, responding to Plaintiffs' supplemental briefing.

IT IS FURTHER ORDERED that the pretrial conference and trial dates are VACATED. The court will hold a trial scheduling conference on March 3, 2009, after oral argument on Defendants' motion for summary judgment.

Dated: *1/30/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] This is not a situation where a party belatedly files evidence that could have been filed with their briefs. Here, the delay was caused by an opponent's unsuccessful motion to preclude the deposition in question. Because of the delay caused by that motion, the deposition did not even occur until after the briefing on summary judgment was complete.

[3] Plaintiffs are cautioned, however, that the court expects the parties to comply with this court's Civil Local Rules. Repeated failures to follow the local rules may well result in sanctions or other adverse actions.